W. H. Britton, *Plaintiff in Error,* v. J. F. Poore and W. A. Hood, *Defendants in Error.*

### Fraud and Deceit—Proofs Must Sustain Allegations.

1. Where the plaintiff, in an action for fraud and deceit in inducing him to contract for the purchase of land, alleges in his declaration that the defendant falsely and fraudulently represented to him that he the defendant owned and held in fee simple the said described land, such allegation is not made out or sustained by proof showing that the defendant's agent, in 'reply to the question by the plaintiff "are these lands fee simple lands and can you give a good title?" replied, "he could," "he didn't say who could." Particularly where other undisputed proofs in the case showed that the defendant held the equitable title to the lands and controlled the legal title thereto.

2. In an action based on false and fraudulent representations and deceit, the impressions made upon the mind of the person alleged to have been deceived by the false representation is the chief subject of inquiry, not the impressions made upon the mind of a disinterested bystander who heard such representations. The plaintiff in such a case is or is not justified in acting upon such representations as they may have impressed him, not as they may have impressed a disinterested bystander.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

*W. W. Flournoy,* for Plaintiff in Error;

*Daniel Campbell & Son,* for Defendants in Error.

TAYLOR, J.—The defendants in error as plaintiffs below sued the plaintiff in error as defendant below in the Circuit Court of Walton county in an action for fraud and deceit, and recovered judgment which is brought here for review by writ of error by the defendant below. The declaration in substance alleges that the defendant through his agent with the intention and for the purpose of inducing the plaintiffs to purchase from the defendant a large body of described lands in said Walton county falsely and fraudulently represented to said plaintiffs that said defendant owned and held in fee simple the said described lands. That said representation by said defendant was false, and that said defendant knew it to be false when made, and so knowing made the same for the purpose of inducing said plaintiffs to enter into a contract with said defendant for the purchase of said land and that plaintiffs believing said representations to be true, and believing that said defendant was the owner and held the title in fee simple to the said land as represented as aforesaid, and relying thereon, and being induced thereby, did enter into a contract with said defendant to purchase said land and pay said defendant as a consideration therefor the sum of $76,-005.85 and did then and there in pursuance thereof and in part payment therefor, pay to the said defendant the sum of $2,000 and did thereafter, and before any other or further payments had been made, learn that said representation so made by said defendant was false and that said defendant did not own, or hold the title in fee simple or otherwise to said land, but that the said land was owned and the fee simple title thereto held by another whereby the plaintiffs were damaged," &c. The declaration also contained the common count for money had and received by the defendant for the plaintiffs

use. The case was tried on the plea of the general issue, and a plea of never was indebted.

The defendant moved for new trial on the ground, among others that the verdict was not supported by the evidence. This motion was denied and its denial is assigned as error. We think that the court erred in not granting this motion on the ground above stated, as there is a fatal variance between the allegata of the declaration and the evidence of the plaintiff to sustain it. The declaration alleged the representation of the defendant to be that he owned and held the fee simple title to the lands in question, and that they were induced by such representation to enter into contract with the defendant for the purchase of said land, but when J. F. Poore, the only one of the plaintiffs who testified at the trial is put on the stand as a witness he testified as follows: "I made a contract with Mr. Britton * * * before I entered into the contract I had gone over the land with Mr. Turner who represented himself to be Mr. Britton's agent; Mr. Turner's connection was as an agent I suppose. He represented that he was doing business for Mr. Britton, and he was selling the land and the question was asked Mr. Turner by Mr. Cobb and me if these lands were fee simple lands and he could give a good title and he said he could; he didn't say who could." Further on he testified further as follows: "I paid $2000 to Mr. Britton at the time of making this contract, but I didn't carry out the contract and make the other payments because I had got in trouble making deals in that way, and before I went any further I went to Mr. Campbell and asked him to make me an abstract for this land and see if it was liable to any litigation, and he did so and forwarded it to me before the $4000 balance was to be paid on the contract. From the abstract I learned that

these lands were not in Mr. Britton's name at all and I refused to pay any more until it was adjusted. I relied upon the representations of Mr. Turner when I bought the property. I got the impression from Mr. Turner, by his showing me the lands and going over it, that Mr. Britton owned it. When the question was asked Mr. Turner as to the status of the land, he said he could give a good clean title to it. I would not have made that agreement I did and paid that money if I hadn't thought that Mr. Britton had title to the land."

This falls far short of being the representation relied on in the declaration to the effect that Britton was the owner and held the fee simple title to the land. It was proved at the trial that Britton was the owner of an equitable title to the property and was in a position to control the legal title, and prior to the trial of the case was in fact clothed with the legal title, and the proofs further developed the fact that had the plaintiffs in good faith complied with the terms of their contract of purchase of the property they could and would have gotten a good fee simple title without litigation or trouble. One F. H. Cobb a witness for the plaintiffs, who was present with the plaintiff Poore when Turner made the alleged representations as to the title, in his testimony comes nearer to the line of the allegation in the declaration, but in a case of this kind the impressions made on the mind of a bystander by a conversation are not of any moment, except as they may corroborate the same impressions made on the mind of the principal who acts upon such impressions. Poore, the plaintiff, acted on the representations as they impressed him, not as they may have impressed the bystander Cobb, and Poore's version of the representations made, do not sustain the allegations of the declaration.

The plaintiffs have planted their case upon an al-

leged falsely made representation involving a strictly technical legal phrase, and their proofs fall far short of maintaining the allegation.   The judgment of the Circuit Court in said cause is hereby reversed at the cost of the defendants in error, and a new trial awarded.

All concur except PARKHILL, J., who took no part because of illness.